DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**TODD MCLENDON,**
Appellant,

v.

**PALM BEACH COUNTY OFFICE OF THE INSPECTOR GENERAL,**
Appellee.

No. 4D18-2818

[December 18, 2019]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; David E. French, Judge; L.T. Case No. 502018CA003069XXXXMBAJ.

Robert N. Hartsell, Sarah M. Hayter, Heidi M. Mehaffey and Shai Ozery of Robert N. Hartsell, P.A., Pompano Beach, for appellant.

Helene C. Hvizd, Senior Assistant County Attorney, Palm Beach County Attorney's Office, West Palm Beach, for appellee.

Amanda S. Coffey of the Pinellas County Attorney's Office, Clearwater, for Ken Burke, Pinellas County; Hampton C. Peterson, West Palm Beach, for Sharon R. Bock, Clerk & Comptroller, Palm Beach County; Michael J. Healy, Fort Myers, for Linda Doggett, Lee County Clerk of Court and Comptroller Office of the Inspector General; Carol J. Breece, Plantation, for the Broward Office of the Inspector General; Dennis J. Alfonso of McClain Alfonso, P.A., Dade City, for Paula S. O'Neil, Clerk & Comptroller, Pasco County; Marie Perikles, Office of the Inspector General, Miami-Dade County, Miami; and Cela D. Webster, Brooksville, for Doug Chorvat, Jr., Hernando County Clerk of Circuit Court and Comptroller, for Amicus Curiae Appellee Palm Beach County Office of the Inspector General.

PER CURIAM.

This is an appeal of an order denying attorney's fees in a public records request case. The appellant had requested that the Palm Beach County Office of the Inspector General furnish him with a copy of a complaint, which initiated an investigation into alleged mismanagement and overpayment of contractors in the Town of Loxahatchee Groves. The

Inspector General refused to furnish the complaint until the investigation was closed. After the investigation closed, the complaint was furnished to appellant. He then moved for attorney's fees, contending that the initial complaint was not subject to an exemption from disclosure and that he was entitled to his attorney's fees incurred in obtaining the document. The trial court disagreed and denied the fees. We affirm.

Section 112.3188(2)(b), Florida Statutes (2017) provides:

> All information *received by* a local chief executive officer or appropriate local official or information produced or derived from fact-finding or investigations conducted pursuant to the administrative procedure established by ordinance by a local government as authorized by s. 112.3187(8)(b) is confidential and exempt from s. 119.07(1) and s. 24(a), Art. I of the State Constitution, if the information is being received or derived from allegations as set forth in paragraph (1)(a) or paragraph (1)(b) and an investigation is active.

(emphasis added). The type of allegations set forth in section 112.3188 paragraph (1)(a) and (b) includes assertions that:

> [A]n employee or agent of an agency or independent contractor:
>
> (a) Has violated or is suspected of having violated any federal, state, or local law, rule, or regulation, thereby creating and presenting a substantial and specific danger to the public's health, safety, or welfare; or
>
> (b) Has committed an act of gross mismanagement, malfeasance, misfeasance, gross waste of public funds, or gross neglect of duty.

Thus, to qualify for an exemption from a public records request, the information received by a local official must involve gross mismanagement, waste of public funds or neglect of duty, *and* that the investigation is active. Since section 119.07(1), Florida Statutes (2017), deals with the obligation of the custodian of public records to produce records upon request, the plain meaning of the statute authorizes the custodian to withhold such documents when the investigation is active at the time the request is made.

2

The initial complaint in this case involved questions of mismanagement.  It was "information *received by*" a proper local official.  When the appellant demanded the production of the complaint, an active investigation was ongoing.  Therefore, the initial complaint was exempt from public records disclosure.  Accordingly, the Office of the Inspector General properly declined to produce the complaint, and the trial court correctly denied appellant's claim for attorney's fees.

*Affirmed.*

WARNER, GROSS and KUNTZ, JJ., concur.

\*　　\*　　\*

***Not final until disposition of timely filed motion for rehearing.***